Per Curiam.
 

 Bayard,
 
 Chief Justice.
 

 The first ground is insufficient. The aw'ard is not that the parties were jointly liable to the creditors in Philadelphia, but that they shall contribute between themselves equally to the payment of those debts. The terms of the award are loose, and would literally bear the construction given to it by Mr. Houston; but, as that was not a matter submitted to the referees, it is not probable that they designed to determine the liability of either party to creditors, but only their liability as'between themselves. The meaning of it is that they shall contribute equally to the payment of these debts in Philadelphia, however they may stand bound to the creditors there. “Id certum est quod certum T'eddi potest,” is a maxim that applies to awards as well as any thing else. The debts in Philadelphia are capable of being reduced to a certainty as to amount; nor does it seem to be of so much consequence in this case, as these debts, whatever majr be their amount, are to be
 
 equally
 
 paid by each party. The only difficulty is in the mode of enforcing a judgment on the award. In England awards are by submission out of court by bond, or by agreement to submit under a rule of court, sanctioned by statute 9 and 10, William III.,
 
 (Kyd
 
 21,) in reference to actions ex contractu. In our State awards are upon two acts.
 
 (Dig.
 
 111-2.) The first act refers to ¿natters of account, and wmuld seem to confine the reportor judgment tosums of money; which, as the judgment would be fully executed by the court, must be positively certain. But the act following, passed many years after, seems to recognize the reference and award in other actions than those of mutual accounts— in all actions, those of tort as well as of- contract. * Being thus extended, as it has also been in practice, it follows that where the report is of a sum found due, the judgment follows as in an award in
 
 *72
 
 England; but if it embrace other matters, the judgment may still go for the sum found due, and the parties be left as to the other matters settled by the reference to their action under the award or otherwise. If this part of the award was so connected with the sum found due as to render
 
 that
 
 uncertain, of course no judgment could be rendered on any part. But as to the return in this case, we do not think there is any uncertainty in any part of it that will vitiate, or which can possibly prejudice either party. Whatever debts may exist in Philadelphia against this vessel, must be paid by these parties equally, whoever is primarily liable.
 

 Cullen
 
 and
 
 Ridgely,
 
 for plaintiff.
 

 Houston,
 
 for defendant.
 

 Report confirmed.